UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MEGAN J.

                     Plaintiff,

     v.                                          1:19-CV-1021
                                                          (DJS)

ANDREW M. SAUL, *Commissioner of
Social Security*,[1]

                     Defendant.
_____

**APPEARANCES:**                                **OF COUNSEL:**

MEGAN J.
Plaintiff *Pro Se*
Hillsdale, New York 12529

U.S. SOCIAL SECURITY ADMIN.          BENIL ABRAHAM, ESQ.
OFFICE OF REG'L GEN. COUNSEL
Attorney for Defendant
Region II
26 Federal Plaza - Room 3904
New York, New York 10278

**DANIEL J. STEWART**
**United States Magistrate Judge**

## MEMORANDUM-DECISION AND ORDER[2]

     Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of Social Security that Plaintiff was not entitled to

---

[1] Andrew M. Saul became the Commissioner of Social Security on June 17, 2019 and is substituted as the Defendant pursuant to Federal Rule of Civil Procedure 25(d).

[2] Upon Plaintiff's consent, the United States' general consent, and in accordance with this District's General Order 18, this matter has been referred to the undersigned to exercise full jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkt. No. 10 & General Order 18.

disability insurance benefits. Dkt. No. 1. Currently before the Court are Plaintiff's Motion for Judgment on the Pleadings and Defendant's Motion for Judgment on the Pleadings. Dkt. Nos. 13 & 14. For the reasons set forth below, Plaintiff's Motion for Judgment on the Pleadings is granted and Defendant's Motion is denied. The matter is remanded to the Commissioner for further proceedings.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born in 1983. Dkt. No. 11, Admin. Tr. ("Tr."), p. 100. Plaintiff reported having earned a GED. Tr. at p. 209. She has past work experience as a cashier, bank teller, and pharmacy technician. Tr. at pp. 44 & 110. Plaintiff alleges disability based upon fibromyalgia, anxiety, and depression. Tr. at p. 100.

### B. Procedural History

Plaintiff applied for disability and disability insurance benefits in August 2015. Tr. at pp. 178-184. She alleged a disability onset date of January 4, 2015. Tr. at p. 100. Plaintiff's application was initially denied on October 26, 2015, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"). Tr. at pp. 115-126 & 127-128. Plaintiff appeared at a hearing before ALJ Andrew J. Soltes, Jr. on June 12, 2017 at which she and a vocational expert testified. Tr. at pp. 26-99. On November 24, 2017, the ALJ issued a written decision finding Plaintiff was not disabled under the Social Security Act. Tr. at pp. 10-20. On June 17, 2019, the Appeals Council denied

Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. at pp. 1-5.

### C. The ALJ's Decision

In his decision, the ALJ made the following findings of fact and conclusions of law. First, the ALJ found that Plaintiff had not engaged in substantial gainful activity between her alleged onset date and her date last insured. Tr. at p. 12. Second, the ALJ found that Plaintiff had the following severe impairments: fibromyalgia, cervical stenosis, sciatica, anxiety disorder, and depressive disorder. Tr. at p. 13. Third, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings"). Tr. at pp. 13-15. Fourth, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work except:

> she requires a sit/stand option every 30 minutes, but must remain on task during the sit/stand period. The claimant is also limited to a low-stress work environment defined as performing simple routine tasks, basic work-related decisions, rare changes in the workplace setting, and frequent interaction with the public, co-workers, and supervisors. In addition, she needs to avoid extreme humidity and temperatures. Further, the claimant may be off-task up to 5% of an eight-hour workday; and may have one unscheduled absence per month.

Tr. at p. 15. Fifth, the ALJ found that Plaintiff was unable to perform past relevant work. Tr. at p. 18. Sixth, the ALJ found that Plaintiff was in the "younger individual age" category, had at least a high school education, and is able to communicate in English. Tr. at p. 19. Seventh, the ALJ found that there was work existing in significant numbers

in the national economy that Plaintiff could perform. Tr. at pp. 19-20. The ALJ, therefore, concluded that Plaintiff is not disabled. Tr. at p. 20.

### D. The Parties' Positions

Plaintiff makes two primary arguments in support of remand. First, she argues that the ALJ erred when he failed to find her lumbar degenerative disc disease to be a severe impairment and in finding that she did not meet Listing 1.04A. Dkt. No. 13, Pl.'s Mem. of Law at pp. 3-5. Second, Plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence. *Id.* at pp. 5-6.

In response Defendant maintains that substantial evidence supports the ALJ's determination as to both issues raised by Plaintiff. Dkt. No. 14, Def.'s Mem. of Law at pp. 5-15. First, Defendant contends that the ALJ properly addressed Plaintiff's lumbar condition at Steps Two and Three of the sequential analysis. *Id.* at pp. 5-8. Second, Defendant argues that the RFC determination was supported by substantial evidence. *Id.* at pp. 8-15.

## II. RELEVANT LEGAL STANDARDS

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986

(2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983), *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably

5

have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

## B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can

be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

### III. ANALYSIS

### A. The ALJ's Listing Analysis

Plaintiff contends that the ALJ erred in not finding that she met Listing 1.04A and thus should have been found disabled. Pl.'s Mem. of Law at pp. 3-4. Without making any judgment as to whether Plaintiff meets Listing 1.04, remand is necessary because the ALJ failed to provide any explanation of his conclusion that Plaintiff did not meet the Listing.[3]

Prior to identifying the criteria for satisfying Listing 1.04, the ALJ's decision states simply "the claimant's physical impairments do not meet or equal listing 1.04." Tr. at p. 13. No other discussion of those impairments or how they relate to the Listing criteria is offered by the ALJ in his discussion of the Listing. As a result, "[t]he ALJ's decision . . . provides no meaningful explanation for his conclusion that plaintiff did not meet Listing 1.04A." *Ryan v. Astrue*, 5 F. Supp. 3d 493, 508 (S.D.N.Y. 2014). "The ALJ is required to provide rationale in the written decision sufficient to allow this Court to conduct an adequate review of his findings." *Shanaye S.M. v. Comm'r of Soc. Sec.*, 2019 WL 1988672, at *4 (N.D.N.Y. May 6, 2019) (citing cases); *see also Nicole F. v. Saul*, 2019 WL 4736216, at *3 (N.D.N.Y. Sept. 27, 2019). "Setting forth a single

---

[3] Defendant suggests that this argument should be deemed waived by Plaintiff. Def.'s Mem. of Law at pp. 7-8. In light of the solicitude to which a *pro se* plaintiff is entitled, *Malcolm M. v. Comm'r of Soc. Sec.*, 2019 WL 187725, at *4 (N.D.N.Y. Jan. 14, 2019), the Court declines to hold that this argument has been waived.

sentence is insufficient." *Hamedallah ex rel. E.B. v. Astrue*, 876 F. Supp. 2d 133, 142 (N.D.N.Y. 2012).  As the ALJ's decision recognizes, Listing 1.04 can be satisfied through three distinct sets of diagnostic criteria, identified in the disjunctive.  Tr. at pp. 13-14.  The decision under review did not discuss these criteria individually or explain how or why Plaintiff failed to meet each.  Instead, "[t]he ALJ provided a one-sentence, conclusory analysis without any recitation of the facts or medical evidence." *Hamedallah ex rel. E.B. v. Astrue*, 876 F. Supp. 2d at 144.  As a result, "it is unclear from the ALJ's decision which criteria . . . the plaintiff failed to meet." *Norman v. Astrue*, 912 F. Supp. 2d 33, 41 (S.D.N.Y. 2012).

Despite the lack of a detailed explanation of the ALJ's conclusion, caselaw does permit the Court to nonetheless affirm when "portions of the ALJ's decision and the evidence before him indicate that his conclusion was supported by substantial evidence." *Berry v. Schweiker*, 675 F.2d 464, 468 (2d Cir. 1982); *see also Perozzi v. Berryhill*, 287 F. Supp. 3d 471, 482 (S.D.N.Y. 2018).  Affirmance under this rule is not an appropriate option here because the remainder of the ALJ's decision does not discuss the diagnostic criteria for Listing 1.04A in sufficient detail for the Court to assess whether the conclusion was supported by substantial evidence.  The remainder of the opinion, for example, does not specifically discuss whether Plaintiff suffered from nerve root compression or the various straight leg raising tests in the record.  *See* Tr. at pp. 15-18 (ALJ's detailed discussion of Plaintiff's medical records).  Indeed, as Defendant concedes, there is evidence of positive straight leg raise tests in the record, though

8

perhaps not specifically in the form required by the Listing. Def.'s Mem. of Law at p. 8. As a result, here unlike in *Berry*, the Court is unable to "reasonably infer the particular criteria the ALJ found lacking." *Norman v. Astrue*, 912 F. Supp. 2d at 41 (citing *Berry v. Schweiker*, 675 F.2d at 468-69).

"Plaintiff is clearly owed a more substantive explanation of why [s]he did not meet the Listing." *Nashir v. Berryhill*, 2020 WL 1445069, at *5 (W.D.N.Y. Mar. 25, 2020). Therefore, the matter is remanded for further consideration and explanation of whether Plaintiff satisfies Listing 1.04.

## B. Nature of the Remand

Plaintiff raises several additional issues, including whether the ALJ's RFC determination is supported by substantial evidence. Pl.'s Mem. of Law at pp. 3-6. While the Step Three Listing issue is not directly tied to the RFC issue, in light of the decision to remand the matter, the Court chooses to exercise its discretion not to address the RFC issue. *Beers v. Comm'r of Soc. Sec.*, 2020 WL 1482329, at *6 (W.D.N.Y. Mar. 27, 2020) (declining to address whether RFC was supported by substantial evidence when matter was remanded for consideration of whether plaintiff net listing requirement) (citing cases).

## IV. CONCLUSION

**ACCORDINGLY**, it is

**ORDERED**, that Plaintiff's Motion for Judgment on the Pleadings (Dkt. No. 13) is **GRANTED**; and it is further

**ORDERED**, that Defendant's Motion for Judgment on the Pleadings (Dkt. No. 14) is **DENIED**; and it is further

**ORDERED,** that the decision of the Commissioner is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g), for a proper evaluation of whether Plaintiff meets Listing 1.04 and other proceedings consistent with this Decision; and it is further

**ORDERED,** that the Clerk of the Court shall serve copies of this Memorandum-Decision and Order on the parties.

Dated: June 30, 2020
      Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge